IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph P. Allen, IV<br><br>     Plaintiff,<br>v.<br><br>Brown Advisory, LLC *et al.*<br><br>     Defendants. | Civil Action No.: |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS FOR
PRODUCTION OF DOCUMENTS BY NON-PARTY DR. ERIC Y. DROGIN**

Defendants Brown Advisory, LLC and Brown Investment Advisory & Trust Company ("Brown Advisory"), by and through their undersigned counsel, hereby submit their Memorandum in Support of Motion to Compel Production of Documents by Non-Party Dr. Eric Y. Drogin ("Motion to Compel") pursuant to a subpoena *duces tecum* served in this jurisdiction in connection with an action pending in the United States District Court for the Southern District of Indiana (Indianapolis Division) styled as *Joseph P. Allen, IV v. Brown Advisory, LLC, et al.*, Case No. 1:19-cv-4160-RLY-DLP ("Indiana Action" and "Subpoena", respectively).

**INTRODUCTION**

This Motion to Compel arises out of non-party Dr. Eric Y. Drogin's ("Dr. Drogin") failure to respond to a subpoena in a manner consistent with the obligations of Rule 45, which Brown Advisory properly served upon him over three months ago. Despite good faith attempts to meet and confer, Dr. Drogin has categorically refused to produce any responsive documents or a privilege log in reliance on improper, generic boilerplate objections. Brown Advisory's Subpoena is narrowly-tailored to obtain documents relevant to the foundation of Plaintiff Joseph P. Allen, IV's ("Plaintiff") claims and defenses and should be enforced.

1

Brown Advisory is a registered investment adviser located in Baltimore, Maryland. Plaintiff is a client of Brown Advisory who owns two financial accounts. At all relevant times, Brown Advisory has managed these two accounts as an investment adviser. Since April 2019, Brown Advisory has been caught in the middle of a prolonged dispute among Plaintiff, his daughter, Elizabeth Key ("Key"), and his brother, David T. Allen ("DT Allen"), concerning Plaintiff's mental competency to manage his financial affairs and the validity of various durable powers of attorney ("DPOA") executed by Plaintiff between 2013 and 2019. As it pertains to Brown Advisory, Plaintiff and his family members dispute who may validly exercise control over Plaintiff's Brown Advisory-managed accounts as Plaintiff's duly-authorized attorney-in-fact.

Months prior to any litigation arising from the foregoing dispute, Plaintiff engaged Dr. Drogin, a psychologist practicing in Hingham, Massachusetts, to provide a report opining that Plaintiff was mentally competent to manage his finances and to execute new DPOAs in April 2019 ("Drogin Report"). The various positions taken by Plaintiff in the months prior to litigation relied heavily – if not exclusively – on the purported legitimacy of the Drogin Report.

By mid-August 2019, it became clear to Brown Advisory that Plaintiff and his family members could not mutually resolve their dispute and provide clear instruction to Brown Advisory. The impasse lead Brown Advisory to file an interpleader action against Plaintiff, Key, and DT Allen on August 14, 2019 in the U.S. District Court for the District of Maryland (Baltimore Division), styled as *Brown Investment Advisory & Trust Co. v. David T. Allen, et al.*, Case No. 1:19-cv-2332-JKB ("Maryland Interpleader Action").[1] On October 1, 2019, Plaintiff filed the related Indiana Action, alleging that Brown Advisory breached its contractual and fiduciary obligations by failing to properly "credit" the

---

[1] *See* Brown Advisory's First Amended Complaint in the Maryland Interpleader Action, Doc. 40, at ¶¶ 1, 32-74, 85-104. ("Maryland Interpleader FAC"). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990). Accordingly, Brown Advisory requests that the Court take judicial notice of the Maryland Interpleader FAC.

2

Drogin Report and the two DPOAs which the Drogin Report seeks to legitimize.[2]

Dr. Drogin has thus squarely positioned himself as a non-party fact witness. His refusal to produce any documents responsive to the Subpoena is little more than a transparent attempt to stonewall Brown Advisory from obtaining discovery addressing the core of Plaintiff's allegations in the Indiana Action. For the reasons herein, this Court should grant this Motion to Compel and order Dr. Drogin to produce responsive documents in his custody, possession, or control.

**A. Background on the Related Litigation Concerning Plaintiff's Mental Competence.**

Between July 2013 and April 12, 2019, Key served as Plaintiff's undisputed, duly-authorized attorney-in-fact pursuant to two DPOAs (collectively the "Key DPOAs"). (*See* Indiana FAC, at ¶¶ 12, 14, 24-25, 41; Maryland Interpleader FAC, at ¶ 19-23, 28-30). Between or about July 2013 and April 2019, Brown Advisory honored instructions from Key as Plaintiff's duly-authorized attorney-in-fact to act upon Plaintiff's accounts. (*See* Indiana FAC, at ¶¶ 23-25, 29-39; Maryland Interpleader FAC, at ¶¶ 28-30). Plaintiff himself pleads that he was not mentally competent to manage his affairs between or December 2014 through or about April 12, 2019. (*See* Indiana FAC, at ¶¶ 11, 14-22, 26, 42-43).

However, on or about April 12, 2019, Plaintiff claims that he regained his competence. *Id.* On or about April 12, 2019, Plaintiff retained counsel and executed a third DPOA appointing his brother, David T. Allen ("DT Allen") as attorney-in-fact, purportedly revoking the two Key DPOAs ("April 2019 DPOA"). *Id.* at ¶ 41. Key contends that Plaintiff's treating physicians diagnosed him as "permanently and progressively demented" and therefore incompetent to, *inter alia*, manage his own affairs, retain counsel, or execute the April 2019 DPOA. (Maryland Interpleader FAC at ¶¶ 15-17, 40-44, 50). Since April 2019, Plaintiff and his family members have not been able agree whether either Key or DT Allen are presently authorized to exercise control over Plaintiff's Brown Advisory-

---

[2] *See* Plaintiff's First Amended Complaint in the Indiana Action ("Indiana FAC"), Doc. 87, at ¶¶ 23-61, 71-78. Brown Advisory requests that the Court take judicial notice of the Indiana FAC. *See* footnote 1, *supra*.

managed accounts. (Indiana FAC, at ¶¶ 67-70; Maryland Interpleader FAC, at ¶¶ 32-74).

In or about June or July 2019 – prior to any litigation arising from the foregoing dispute – Plaintiff retained Dr. Drogin to provide a report that Plaintiff was mentally competent to execute new DPOAs and thus "prove" the legitimacy of the April 2019 DPOA. (Indiana FAC, at ¶¶ 50-55, 60-61.) During or about July and August of 2019, Dr. Drogin examined Plaintiff in person four times prior to issuing the Drogin Report. *Id.* Key disputes the validity of the Drogin Report. *Id.* at ¶¶ 50. Throughout the summer of 2019, Plaintiff, Key, and DT Allen could not agree on how to instruct Brown Advisory to act upon Plaintiff's accounts or who may provide those instructions – hence necessitating the Maryland Interpleader Action. (*See* Maryland Interpleader FAC, at ¶¶ 32-74).

On September 16, 2019 – after the Maryland Interpleader Action was filed, but before the Indiana Action was filed – Plaintiff executed a fourth DPOA. ("September 2019 DPOA"). (*See* Indiana FAC, at ¶ 60). The September 2019 DPOA appoints DT Allen as Plaintiff's attorney-in-fact and is premised upon the "strength" of the Drogin Report. *Id.* Shortly thereafter, Plaintiff commenced the Indiana Action, alleging that Brown Advisory breached contractual and fiduciary obligations by refusing to "recognize" the validity of the Drogin Report and the April and September 2019 DPOAs. (*See* Indiana FAC, at ¶¶ 50-55, 60-61, 71-78). Plaintiff attached the Drogin Report to the Indiana FAC. *Id.* at Ex. 18. In the Maryland Interpleader Action, the court has ordered a hearing to adjudicate Plaintiff's mental competence now and at the time of the DPOAs' execution "in light of the conflicting medical reports" regarding same. (Maryland Interpleader Action, Docs. 66, 72).

**B.  Brown Advisory's Subpoena *Duces Tecum* to Dr. Drogin**

On April 7, 2020, in the Indiana Action, Brown Advisory served Dr. Drogin with a narrowly-tailored subpoena *duces tecum* regarding Plaintiff's allegations of breach of contract and breach of fiduciary duty arising from the Drogin Report ("Subpoena"). *See* **Exhibit 1,** Subpoena. A constable served the Subpoena at Dr. Drogin's residence in Hingham, Massachusetts. *See id.* The Subpoena includes thirty requests seeking four general categories of information from January 1, 2019 to present:

4

1.      Documents and Communications between Dr. Drogin and Plaintiff or Plaintiff's representatives – including DT Allen and his representatives (Request Nos. 1-6, 8, 15);

2.      Documents and Communications between Dr. Drogin and Plaintiff's current and prior healthcare providers (Request Nos. 7, 9, 16);

3.      Documents reviewed or created by Dr. Drogin in connection with his four in-person examinations of Plaintiff and the Drogin Report (Request Nos. 10-13, 27-30), and;

4.      Documents and communications supporting specific allegations in the FAC concerning Plaintiff's current and past medical condition – including specific allegations relating to Plaintiff's current and past mental health and competency (Request Nos. 17-26).

Ex. 1, at ¶¶ 1-30. The date for compliance specified on the Subpoena was May 9, 2020. *Id.* However, to date, Dr. Drogin has refused to produce any responsive documents or a privilege log.

**C. Dr. Drogin's Written Objections to the Subpoena**

On April 21, 2020, Dr. Drogin's counsel – who also represents Plaintiff and non-party DT Allen in the Indiana Action[3] – served defense counsel with Dr. Drogin's objections to the Subpoena ("Objections"). *See* **Exhibit 2,** Dr. Drogin's Objections. The Objections assert generic boilerplate objections and qualifiers[4] which do not specifically respond to any particular Subpoena request.

Rather, Dr. Drogin asserts in boilerplate fashion that the Subpoena is "overbroad", seeks "irrelevant" information, is not proportional to the needs of the case, and imposes an "undue burden" upon him. *See id.* at ¶¶ 1, 5-6, 9-10). Dr. Drogin does not articulate how or why the Subpoena or any specific request purportedly imposes an undue burden or is overly broad, irrelevant, or disproportionate. Dr. Drogin vaguely objects that "certain requests" are "ambiguous and/or open to

---

[3] At a minimum, counsel's representation of Plaintiff, DT Allen, and Dr. Drogin gives the appearance of impropriety and compromises Dr. Drogin's credibility. (*See* Indiana Action, Doc. 103-1, at 1). To date, counsel has not meaningfully responded to this concern.

[4] Paragraphs 2, 3, 4, and 12 of the Objections assert generic qualifiers (such as reserving the right to later amend his responses, etc.) which do not relate to the issue of whether Dr. Drogin has improperly refused to produce responsive documents.

interpretation" without any additional detail. *See id.* at ¶¶ 1, 10. Similarly, he generically objects that the Subpoena's definitions and instructions exceed the obligations set forth in the Federal Rules of Civil Procedure. *Id.* at ¶ 1, 5. Although he has not provided a privilege log, Dr. Drogin objects that the Subpoena seeks information protected from disclosure by attorney-client privilege, work product doctrine, common interest privilege, and other unspecified privileges and immunities. *Id.* at ¶ 7. He also disingenuously concludes that the documents sought can be obtained elsewhere. *Id.* at ¶ 9. Dr. Drogin claims that he cannot produce any documents for an indeterminate period of time – even electronically stored information – due to the ongoing COVID-19 pandemic.[5] *See id.* at ¶ 11.

Finally, Dr. Drogin improperly asserts that he is entitled to withhold all responsive, non-privileged documents because the scheduling order in the Indiana Action does not require <u>parties</u> (which he is not) to disclose Rule 26(a)(2) testifying experts until June 2021 (Indiana Action, Doc. 130, at ¶ III(F)). Correspondence produced by Dt Allen in the Indiana Action reflects that, as recently as March 2020, Plaintiff's counsel (who now also represent DT Allen and Dr. Drogin) have referred to Dr. Drogin as a "consulting rather than testifying expert". *See* **Exhibit 3**, letter dated May 18, 2020 from defense counsel. Despite the foregoing, counsel for Plaintiff/Dr. Drogin/DT Allen now assert that Plaintiff has not yet determined whether Dr. Drogin will serve as Plaintiff's testifying expert pursuant to Rule 26(a)(2). *See* **Exhibit 4**, letter dated May 26, 2020 from counsel for Dr. Drogin/Plaintiff/DT Allen.

To date, Dr. Drogin has not moved to quash the Subpoena or sought a protective order. He never sought an extension of the May 7, 2020 deadline for compliance either.

---

[5] Dr. Drogin objected that he could not verify whether service upon him was proper, but the fact that counsel served his Objections waives this issue. *See* Ex. 2, at ¶ 11. *See In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013) ("This Court agrees with the growing minority trend and finds that service was proper in this case, where it was effectuated by a means reasonably calculated to complete delivery and the respondents received actual notice of the subpoena."). Likewise, his objection about the timing of the Subpoena is unpersuasive because he never sought an extension, and "many courts have found fourteen days from the date of service as [a] presumptively reasonable" time for compliance. *Id.* at *7.

### D. Counsel Has Met and Conferred

Counsel for Brown Advisory has met and conferred with counsel for Dr. Drogin (who also represents Plaintiff and DT Allen) regarding this discovery dispute through correspondence and at a discovery conference in the Indiana Action on June 16, 2020 at 9:00AM set by Magistrate Judge Doris L. Pryor ("Discovery Conference"). *See generally,* Exs. 3 and 4; Indiana Action, Doc. 144.

The Discovery Conference lasted approximately one hour and was attended by Briana Clark, Brian Welch, Elizabeth Traylor on behalf of Plaintiff, Dr. Drogin, and DT Allen. Also in attendance were: Stuart K. Weliever on behalf of Plaintiff; Hillary V. Colonna and John Maley on behalf of Brown Advisory; Offer Korin and Brooke Smith on behalf of Key, and; Aaron Grant on behalf of non-party David Christopher Allen. *See id.* Among other issues, the court addressed the dispute concerning the Subpoena at the discovery conference. The court found that it did not have jurisdiction to enforce the Subpoena and directed Brown Advisory to move to compel in this jurisdiction. *See id.*

Despite the foregoing, Dr. Drogin refuses to produce responsive, non-privileged documents based on his improper and insufficiently articulated objections.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 authorizes a party to federal civil litigation to issue a subpoena commanding a non-party to produce or permit the inspection of "documents, electronically stored information, or tangible things". Fed. R. Civ. P. 45(a)(1)(D). The place for subpoena compliance must be within 100 miles of where the person resides, is employed, or transacts business. Fed. R. Civ. P. 45(c)(1)(A). "[P]arties may use a subpoena to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...'" *MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*, No. 1:19-MC-91025-FDS, 2019 WL 7049986, at *1 (D. Mass. Dec. 23, 2019) (quoting Fed. R. Civ. P. 26(b)(1)). "Because 'discovery itself is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that

7

could bear on, any issue that is or may be in the case.'" *Rockstar Consortium US LP*, No. 14-91322-FDS, 2015 WL 5972422, at *4 (D. Mass. Oct. 14, 2015) (citation omitted).

While an issuing party must "take reasonable steps to avoid imposing undue burden or expense" upon the subpoenaed party, "[t]he ultimate determination of undue burden and reasonableness is subject to the discretion of the court.'" Fed. R. Civ. P. 45(d)(1); *Rockstar Consortium US LP*, No. 14-91322-FDS, 2015 WL 5972422, at *4 (D. Mass. Oct. 14, 2015) (citing *United States v. Concemi*, 957 F.2d 942, 949 (1st Cir. 1992)). In determining whether a subpoena imposes an "undue burden" on a non-party, courts consider the following factors "(1) the relevance of the information requested; (2) the need of the [non]-party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; (6) the burden imposed; and (7) the expense and inconvenience to the non-party." *Rockstar Consortium*, 2015 WL 5972422, at *4 (quoting *LSI Corp. v. Vizio, Inc.*, 2012 WL 1926924, at *3 (D. Mass. May 24, 2012). "No single factor… is dispositive." *Id.* at *4. The non-party resisting discovery "bears the burden of showing that the subpoena imposes an undue burden, and it cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." *In re New Eng. Compounding Pharm., Inc.*, 2013 WL 6058483, at *6.

If the recipient of a subpoena objects, the issuing party may, "at any time, on notice to the commanded person … move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

## **ARGUMENT**

The Court should enforce the Subpoena because Dr. Drogin is a non-party fact witness whose

pre-litigation observations and report comprise the gravamen of Plaintiff's breach of contract and breach of fiduciary duty claims against Brown Advisory in the Indiana Action. The Subpoena seeks four clearly defined categories of information which directly relate to those allegations. By resting on conclusory boilerplate statements in objection to the Subpoena, Dr. Drogin has failed to satisfy his burden. This Court should therefore enforce the Subpoena.

### A. Dr. Drogin's Objections Are Invalid.

1. <u>Dr. Drogin's Has Failed to Sufficient Object on Grounds of Undue Burden, Proportionality, and Overbreadth.</u>

Dr. Drogin generically objects that the Subpoena is unduly burdensome, irrelevant, disproportionate, and overly broad. "Boilerplate language that discovery is 'overbroad and unduly burdensome' is insufficient to meet the 'burden of showing by affidavit or otherwise that [discovery] would be unduly burdensome.'" Indeed, "'[t]he mere statement by a party that [a] request for production was overly broad, burdensome, oppressive, and irrelevant is not adequate to voice a successful objection." *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2020 WL 3492469, at *5 (D. Mass. June 26, 2020) (citation omitted). A party resisting discovery "must show specifically how *each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive.*" *Id; see also Cornell Corr. of Rhode Island, Inc. v. Cent. Falls Det. Facility Corp.,* No. CA 11-491S, 2012 WL 6738283, at *2 (D.R.I. Dec. 28, 2012) ("Objections based on overbreadth or burden must clearly articulate the problem that justifies the objection so that the requester can understand whether additional responsive documents exist or not."). Dr. Drogin has only offered "mere statements" of undue burden, relevance, proportionality, and overbreadth. Thus, his Objections are wholly insufficient and should be rejected.

2. <u>Dr. Drogin Must Respond to the Subpoena Now Because He is a Fact Witness Who Has Knowledge and Information About Events Which Occurred Prior to Litigation.</u>

Dr. Drogin erroneously objects that he may or may not be retained as a testifying expert for Plaintiff pursuant to Rule 26(a)(2), or in lieu thereof, that he is a non-testifying expert for Plaintiff pursuant to Rule 26(b)(4)(B). (*See* Ex. 5, at 1-2). As Plaintiff's own pre-litigation correspondence and

9

pleadings in the Indiana Action make plain, Dr. Drogin is a non-party witness who observed facts related to the parties' claims and defenses in the related litigation pending in Maryland and Indiana. *See United States v. Valdivia*, 680 F.3d 33, 50 (1st Cir. 2012) ("the same witness ... may be qualified to provide both lay and expert testimony in a single case.") (internal quotations omitted). Indeed, the First Circuit has held that a witness who happens to be an expert is a fact witness insofar as he offers testimony "based on personal knowledge acquired before any litigation had begun" *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003). Dr. Drogin examined Plaintiff and issued his report before the Indiana Action, which is now the foundation of Plaintiff's claims against Brown Advisory. Dr. Drogin is a fact witness and has wrongfully refused to produce responsive documents.

Contrary to Dr. Drogin's unsubstantiated Objections, he cannot be a non-testifying expert within the meaning of Rule 26(b)(4)(B), which generally prohibits the discovery of experts retained by a party "in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial". Fed. R. Civ. P. 26(b)(4)(B). Plaintiff engaged Dr. Drogin well before any litigation commenced. Furthermore, since Plaintiff attached the Drogin Report to his pleadings in the Indiana Action, it is reasonable to expect that Dr. Drogin will be called as a witness at trial.

And, even if Dr. Drogin were a non-testifying expert, Plaintiff would have waived the protection of Rule 26(b)(4)(B) by putting the Drogin Report at issue and making use of same in multiple pending judicial proceedings. *See In re PolyMedica Corp. Sec. Litig.*, 235 F.R.D. 28, 33 (D. Mass. 2006) (holding that defendant did not waive Rule 26(b)(4)(B)'s protection over documents on the same subject matter as a non-testifying expert's report disclosed to opposing counsel because defendant did not put the report "at issue" or make use of it in the litigation). Likewise, if Dr. Drogin were a testifying expert under Rule 26(a)(2) (which he is not), Plaintiff voluntarily disclosed the Drogin Report to Brown Advisory nearly a year ago – thus, mooting any scheduling deadlines in the Indiana Action concerning the *disclosure* of Rule 26(a)(2) experts and expert reports as related to Dr. Drogin.

Dr. Drogin and his report cannot function as both a sword and a shield in the Indiana Action

10

– particularly when he participated in events occurring prior to litigation, which falls squarely within the realm of fact testimony. He has failed to articulate any specific, well-founded objection to any specific Subpoena request. The Court should compel Dr. Drogin to produce responsive documents.

    3.  <u>Dr. Drogin's Privilege Objections Do Not Comply with Rule 45(e)(2)(A).</u>

Dr. Drogin is in violation of the Subpoena because his blanket claims of privilege fail to comply with Rule 45(e). Rule 45(e)(2)(A) generally requires a responding party who withholds responsive documents to provide a privilege log. Fed. R. Civ. P. 45(e)(2)(A). "The party claiming the protection of a privilege bears the burden of demonstrating, by a fair preponderance of the evidence … that the privilege applies." *In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir.2003). "Determining whether documents are privileged demands a highly fact-specific analysis-one that most often requires the party seeking to validate a claim of privilege to do so document by document." *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir.2011). "[A] blanket assertion of privilege is generally insufficient." *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir.2011) (citations omitted); *Cornell Corr. of Rhode Island, Inc. v. Cent. Falls Det. Facility Corp.*, No. CA 11-491S, 2012 WL 6738283, at *2 (D.R.I. Dec. 28, 2012) ("Boilerplate invocations of privilege leave the requester with no way to tell if any privileged documents actually have been located and are being withheld."). A responding party can waive a claim of privilege "where the responding party's conduct evinces a 'deliberate pattern of delay' and is 'egregious.'" *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 9–11 (1st Cir.1991) (finding waiver of privilege when, three months after being served with a subpoena, a party "neither produced the requested documents, objected to the request, nor sought an extension of time from the district court within which to act").

Although he was served over three months ago, Dr. Drogin has refused to produce any responsive documents or a privilege log. While Dr. Drogin asserted privilege, Plaintiff himself did not. Dr. Drogin never not sought an extension of time to respond to the Subpoena or moved to quash the Subpoena. Brown Advisory cannot ascertain how many and what types of responsive documents Dr.

11

Drogin has withheld or whether any of the privileges he asserts in his Objections actually apply. This is indeed egregious conduct evincing a deliberate pattern of delay. As such, the Court should find a waiver of his conclusory claims of privilege and order him to produce all such responsive documents.

### B.     The Subpoena Does Not Impose an Undue Burden on Dr. Drogin.

Despite Dr. Drogin's wholly insufficient Objections, the Subpoena does not impose an undue burden on Dr. Drogin. The Indiana FAC alleges facts about Dr. Drogin's examinations and report and that Brown Advisory purportedly breached its contractual and fiduciary duties by failing to "recognize" the Drogin Report and the related April and September 2019 DPOAs. The four categories of documents sought by the Subpoena seek information addressing the heart of Plaintiff's breach of contract and breach of fiduciary duty claims. All requests are from January 1, 2019 to present.

Although Dr. Drogin concludes that other parties have responsive documents, "[t]he mere availability of the documents from another source … does not preclude a subpoena directed to a nonparty if the party serving the subpoena can show that it is more expeditious to obtain the documents from a witness." *CSX Transportation, Inc. v. ABC&D Recycling, Inc.*, No. CV 2011-30268-FDS, 2016 WL 730716, at *3 (D. Mass. Feb. 23, 2016). Plaintiff and other non-parties that Brown Advisory have sought discovery from to date – such as Plaintiff's attorney Stuart K. Weliever and DT Allen – have also categorically refused to produce any documents or communications exchanged with Dr. Drogin. It is far more expeditious for Brown Advisory to seek Dr. Drogin's documents directly from Dr. Drogin himself rather than waste judicial resources unnecessarily litigating the same dispute with multiple different witnesses in multiple different jurisdictions.

Furthermore, when Plaintiff engaged Dr. Drogin in June or July 2019, Dr. Drogin was ostensibly aware of the ongoing familial dispute regarding Plaintiff's mental competence and the validity of the various disputed DPOAs executed by Plaintiff. As such, the potential inconvenience of requiring Dr. Drogin to produce responsive documents is far outweighed by his knowing involvement in events leading to the multiple pending federal actions. As demonstrated herein, the Subpoena is not

unduly burdensome and is narrowly-tailored to investigate specific allegations in the Indiana Action.

## **CONCLUSION**

For the foregoing reasons, Brown Advisory respectfully requests that the Court grant this Motion to Compel, enter an Order compelling Dr. Drogin to produce responsive documents within fourteen days of the entry of the Order, and any other relief that the Court deems just and proper.

Respectfully Submitted

*/s/Jennifer Itzkoff*

WOMBLE BOND DICKINSON (US) LLP
Jennifer Itzkoff (BBO #: 675694)
470 Atlantic Ave
Suite 600
Boston, Massachusetts 02210
Tel. (857) 287-3142
Fax (857) 302-6846
Jennifer.Itzkoff@wbd-us.com

David B. Hamilton (*Pro Hac Vice Pending*)
Hillary V. Colonna (*Pro Hac Vice Pending*)
100 Light Street, 26th Floor
Baltimore, Maryland 21202
Tel. (410) 545-5850
Fax (443) 769-1516
David.Hamilton@wbd-us.com
Hillary.Colonna@wbd-us.com

*Counsel for Defendants Brown Advisory, LLC and Brown Investment Advisory & Trust Co.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 15, 2020, the foregoing document and exhibits thereto were filed with the Court's CM/ECF system and was served, via first-class mail, postage-prepaid and electronic mail upon the following individuals:

Brian W. Welch
Briana L. Clark
Elizabeth S. Traylor
Dentons Bingham Greenebaum LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204
Brian.welch@dentons.com
Briana.clark@dentons.com
Elizabeth.traylor@dentons.com

*Counsel for Non-Party Dr. Eric Y. Drogin*

/s/ *Jennifer Itzkoff*
Jennifer Itzkoff